WILLIAM H. BLACKWELL, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND JOSEPH A. BROPHY, DEFENDANTS.

Submitted January 19, 1943—Decided May 5, 1943.

112

Before Justices CASE and DONGES.

For the prosecutor, *Seymour D. Kaplan* and *Joseph D. Kaplan.*

For the defendants, *David T. Wilentz* and *Harry A. Walsh.*

The opinion of the court was delivered by

DONGES, J.   The writ of *certiorari* allowed in this case brings up for review the action of the Civil Service Commission in sustaining the dismissal of prosecutor from his office or position by the Secretary of State.

It appears that prosecutor was appointed Assistant Secretary of State by the then Secretary of State, on July 7th, 1931.   He was reappointed on July 7th, 1936, by the same incumbent who was then commencing a new five year term.

There had been, for a number of years, in the office of the Secretary of State a position known as "election clerk" which was occupied by one Charles O. Fuller, who retired on July 1st, 1936.   Under date of March 9th, 1937, the Secretary of State wrote the Civil Service Commission as follows:

"Mr. Charles O. Fuller, who was the Election Clerk in this office retired on pension from active duty on July 1st, 1936. I would like to have the Commission's approval on combining the position of Election Clerk with that of Assistant Secretary of State.   The position of the Assistant Secretary of State is now held by Mr. William H. Blackwell at a salary of $3,000 per year.   If the positions of Election Clerk and Assistant Secretary of State are combined, I would like to increase the salary to $3,600 per year.

"I would also request your Commission to approve the appointment of Elmer R. Hammell as Assistant Election Clerk at a salary range of $1,800 to $2,100. Mr. Hammell has been employed in this office as a clerk typist at a salary of $1,440. He has been continuously employed at election work since his appointment to a position in this office. Said appointments to date from April 1st, 1937.

"I respectfully ask your Commission to approve the above appointments and the increase in salaries requested."

The minutes of the Commission meeting of April 6th, 1937, disclose the following:

"By reason of the retirement of Charles O. Fuller, Election Clerk, who received a salary of $4,500 per annum, the Secretary of State has advised that the positions of Election Clerk and Assistant Secretary of State will be combined, effective April 1st, 1937, and that William H. Blackwell, Assistant Secretary of State, now receiving $3,000 per annum, will perform the combined duties at $3,600 per annum, and that Elmer R. Hammell, Clerk Typist, receiving $1,440 per annum, will be promoted to the position of Assistant Election Clerk at $1,800 per annum. The Commission has been advised of the approval of this arrangement by the Commissioner of Finance. The position of Assistant Secretary of State is in the unclassified division, while the position of Election Clerk is in the competitive division of the classified service. It is

"Voted, that the position of Assistant Election Clerk be classified in the competitive division with a salary range of $1,800-2,160 per annum, and that the promotion of Mr. Hammell thereto, effective April 1st, at $1,800 per annum be approved without further examination under Rule 24, there being but two other male employees in the department serving in the lower grade who would be eligible for promotion. It is also

"Voted, that the increase in salary for William H. Blackwell to $3,600 per annum, effective April 1st, 1937, be recorded."

Upon the card records of the Civil Service Commission a notation was made to the effect that Mr. Blackwell "also

performs duties of Election Clerk." The position of election clerk, prior to this time, had been classified in the competitive class.

Prosecutor continued to function in the capacity of Assistant Secretary of State, also performing the election duties, during the incumbency of Thomas H. Mathis as Secretary of State. The term of Mathis expired in July, 1941. On July 7th, of that year, the defendant Joseph A. Brophy entered upon the duties of the office. He retained Mr. Blackwell's services for some time. On July 22d, according to prosecutor's testimony, Brophy notified him that he would not be needed after July 31st. There followed an appeal to the Civil Service Commission; the refusal of that body to take jurisdiction; the reversal of that action by this court, 129 *N. J. L.* 107; a hearing before the Commission; and the determination, adverse to prosecutor, now under review.

Prosecutor's claim to tenure is rested upon chapter 286 of the Laws of 1941, effective July 21st, 1941, while the prosecutor held over in office and before notice of dismissal by the defendant Secretary of State. That act provides:

"1. The position of election clerk in the office of the Secretary of State shall be placed by the Civil Service Commission in the exempt class of the civil service law and the present acting election clerk shall continue to hold the same subject to all of the provisions of the civil service law."

The determinative question is whether or not the prosecutor, at the time of the adoption of this statute, was holding the position of election clerk and was the "present acting election clerk." The claim of the prosecutor is that he was holding such position, while the defendants contend that the position of election clerk was in effect abolished and its duties added to those of the Assistant Secretary of State.

We think the prosecutor was not holding the position of election clerk and was not acting election clerk, but rather was holding the office of Assistant Secretary of State to whom had been assigned, in addition to the duties he already had, the duties theretofore performed by the election clerk, in return for which he received an increase of salary. Concededly he was the Assistant Secretary of State. We do not

think the record permits of a finding that he held two positions. He received but one salary. In fact the testimony is that for the years during which he received the $3,600 salary, no provision was made for any compensation for an election clerk in the Appropriation Act. In the 1938 Appropriation Act salary items were lumped in one figure, but in the years following a line item of $3,600 for the Assistant Secretary of State was provided and there was no provision for election clerk.

We think, therefore, that the only office or position which the prosecutor was holding on July 21st, 1941, was that of Assistant Secretary of State. Under those circumstances there was no factual situation upon which chapter 286, *Pamph. L.* 1941, could operate. He did not hold the position mentioned in the act and therefore could receive no benefit from the act.

The determination under review is affirmed.